JOHN KAUFMAN v. THE BERGEN TURNPIKE COMPANY.

Submitted March 17, 1904—Decided June 13, 1904.

1. The duty imposed by charter upon the Bergen Turnpike Company, with regard to the condition of the middle portion of its turnpike, was designed for the benefit of travelers, and not of adjacent landowners, and a breach of that duty, by which passage between the turnpike and adjacent premises is rendered less convenient, does not of itself give a right of action to the owner of such premises.

2. The fact that the company changed the surface of the turnpike in a manner not authorized by its charter, and so that rain water gathered in a hollow in front of the plaintiff's adjoining land, gave the plaintiff no right of action against the company.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff, *Mackay & Mackay.*

For the defendant, *William B. Gourley.*

The opinion of the court was delivered by

Dixon, J. The declaration in this case is based on the proposition that the plaintiff, as the owner of a tract of land lying along the Bergen turnpike, suffered an actionable wrong when, in August, 1902, the Bergen Turnpike Company raised the grade of its turnpike in a manner not authorized by its charter and so that rain water gathered in a hollow in front of the plaintiff's property, thus interfering with ingress and egress between it and the turnpike.

To this declaration the company demurs.

The duty imposed by charter upon the company with respect to the grade of its turnpike was, we think, designed for the benefit of travelers, not of adjacent landowners. The extract from the charter creating that duty, as set forth in the declaration, relates only to the middle portion of the road, which travelers would use, and presents no evidence of an intention that the conveniences of contiguous premises should be considered. Only those for whom the duty exists can maintain an action for damage resulting from its breach. *Fielders* v. *North Jersey Street Railway Co.*, 39 *Vroom* 343, and cases cited.

Consequently, in this case, the declaration cannot legally rest on the mere breach of duty.

Nor do the other facts mentioned in the declaration show an actionable wrong.

The plaintiff does not claim any title to the land within the lines of the turnpike, so as to render any unlawful use of it by the defendant a tort. On the contrary, the proper inference from his pleading is that his title stops at the side of the road. On the facts alleged the defendant must be deemed to have been at least the lawful possessor of the turnpike. It is settled law in this state that, with some exceptions not now pertinent, the owner or legal possessor of land is not responsible for the harmful effect of rain water which he has diverted by changing the surface of his property. *Town of Union* ads. *Durkes*, 9 *Vroom* 21; *Jessup* v. *Bamford Brothers' Co.*, 37 *Id.* 641.

The defendant is entitled to judgment.